**SINGH, SINGH & TRAUBEN, LLP**
**MICHAEL A. TRAUBEN** (SBN: 277557)
    mtrauben@singhtraubenlaw.com
**JUSTIN R. TRAUBEN** (SBN: 278705)
    jtrauben@singhtraubenlaw.com
400 S. Beverly Drive, Suite 240
Beverly Hills, California 90212
Tel: 310-856-9705
Fax: 888-734-3555
mtrauben@singhtraubenlaw.com

***Attorneys for Plaintiff***
ADSUPPLY, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADSUPPLY, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> GUNGGO CO. LTD., an Ontario corporation, and DOES 1-10 INCLUSIVE, <br><br> Defendants. | ) Case No. 2:16-cv-5585 <br> ) <br> ) **COMPLAINT FOR:** <br> ) <br> ) **1. COPYRIGHT INFRINGEMENT** <br> )    **(17 U.S.C §§ 501, ET SEQ.)** <br> ) **2. CANADIAN COPYRIGHT** <br> )    **INFRINGEMENT,** <br> )    **COPYRIGHT ACT, § 34;** *and* <br> ) **3. UNFAIR BUSINESS** <br> )    **PRACTICES (BUS & PROF.** <br> )    **CODE § 17200)** <br> ) |

Plaintiff, AdSupply, Inc. ("AdSupply" or "Plaintiff), by and through its undersigned counsel, hereby files its Complaint against Defendant Gunggo Co. Ltd. ("Gunggo" or "Defendant"), and in support thereof alleges as follows:

### NATURE OF ACTION

1.    Through this Complaint, Plaintiff seeks to recover from Defendant damages, injunctive relief, and other remedies provided for by law, for copyright infringement arising under 17 U.S.C.A. §§ 101, *et seq* (referred to herein as the

"Copyright Act") and other related causes of action arising from Defendant's willful, blatant, wrongful, recorded, and conspicuous acts of copyright infringement and fraud in both misappropriating Plaintiff's proprietary software code and, worse yet, following the unauthorized copying of Plaintiff's software code, exploiting Plaintiff's proprietary software code to directly and fraudulently divert business away from Plaintiff.

## THE PARTIES

2.      Plaintiff AdSupply is a California corporation organized and existing under the laws of the State of California, with its principal place of business in Los Angeles County, California.

3.      Plaintiff is informed and believes, and based thereon alleges, that Defendant Gunggo is a corporation organized and existing under the laws of Ontario, Canada.

4.      Upon information and belief, Defendant has marketed, promoted and performed services in this State and District and maintains sufficient minimum contacts with this State and/or sufficiently avails itself of the markets in this State through their promotion, sales, marketing and performance of services to render the exercise of jurisdiction over Defendant by this Court permissible.

### Doe Defendants

5.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

6.      Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were actually and proximately caused by their conduct. Plaintiff is informed and

Singh,
Singh &
Trauben,
LLP

COMPLAINT

believes, and based thereon alleges, that some of the fictitiously named Defendants maintain some ownership right, title or interest in the Defendant company and acted in their individual capacity to cause harm to Plaintiff and, further, that the entity Defendant is owned, dominated and controlled by the fictitiously named Defendants in such a manner so that the entity Defendant is simply a conduit or instrumentality through which the fictitiously named Defendants operate and that the entity Defendant has failed to follow corporate formalities and is inadequately capitalized.

7.      DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Plaintiff is informed and believes and, upon such, alleges that each of the Defendants designated herein as "DOE" is legally responsible in some manner for the events and happenings herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such Defendant.

8.      Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, each Defendant has authorized, approved, ratified and/or endorsed the acts of each remaining Co-Defendant. Further, each of the Defendants was a partner, or was engaged in a joint venture with one or more of the remaining Co-Defendant and were acting within the scope and purpose of said partnership or joint venture. Each Defendant has ratified each and every act of each other Defendant pertinent to said partnership or joint venture.

## JURISDICTION AND VENUE

9.      This is a civil action against Defendant for its acts of copyright infringement in violation of the United States Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction over the copyright infringement under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338 in that the

Singh,
Singh &
Trauben,
LLP

controversy arises under the Copyright Act (17 U.S.C. 101 *et seq*.), which is within the exclusive jurisdiction of federal courts.

10.     Additionally, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

11.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. §1400(a) in that the claim arises in this Judicial District, the Defendants transact business in this Judicial District, and the injury suffered by Plaintiff took place in this Judicial District.

12.     Venue is also proper in Los Angeles County, California as the subject computer program's source code was authored in whole or in part in this State and Judicial County.

13.     The harms and obligations sued upon were incurred and occurred in the County of Los Angeles.

14.     This Court has personal jurisdiction over Defendant on the grounds that Defendant conducts or transacts substantial business activities in this State and Judicial District.

## FACTUAL ALLEGATIONS

15.     Plaintiff AdSupply is a reputable digital advertising network and platform which provides premium specialized digital advertising services crafted to significantly enhance targeted traffic and interest in website content.

16.     Defendant Gunggo is a direct competitor of Plaintiff AdSupply, similarly providing, among other things, digital advertising services crafted to enhance targeted traffic and interest in website content.

17.     In or around 2015, Plaintiff independently developed and created a unique software code which allowed it to enhance its provision of advertising services to its clients (the "Proprietary Code").

18.     Specifically, Plaintiff's Proprietary Code allowed Plaintiff, on behalf

Singh,
Singh &
Trauben,
LLP

of its clients, to serve "pop-under" advertisements on Google's Chrome browser ("Chrome") through the use of Adobe Flash's ActionScript, an object-oriented programming language.

19.    Prior to the initiation of this action, Plaintiff registered its Proprietary Code as a copyrighted literary work, which registration is classified with the case number of 1-3427302241.

20.    In or around late 2015, Plaintiff discovered that its client's online advertisements were not performing as anticipated, specifically, that such advertisements were not being delivered to the end user.

21.    Upon investigation into this discovery, Plaintiff uncovered that, on certain websites, in lieu of its client's advertisements, alternative advertisements, specifically those of Defendant's clients, were being displayed.

22.    Upon further investigation, Plaintiff uncovered that the software code being exploited to display Defendant's advertisements in place of Plaintiff's advertisements, and in the exact same "pop-under" method, was identical, in every facet, to Plaintiff's Proprietary Code.

23.    Apparently, Defendant completely copied Plaintiff's Proprietary Code to facilitate the display of Defendant's client's advertisements, specifically, to serve "pop-under" advertisements on Google's Chrome browser.

24.    Moreover, with Plaintiff's Proprietary Code in hand, Defendant was able to fraudulently engineer an override mechanism, whereby, through the use of the unique, original and protected "call" code identification within Plaintiff's Proprietary Code, Defendant was able to trick certain websites to "call", and thus display, Defendant's advertisements instead of Plaintiff's advertisements.

25.    Accordingly, on certain websites, wherein Plaintiff had performed its services and integrated its Proprietary Code to display advertisements on behalf of its clients, Defendant's infringing and identical software was thereafter exploited to replace and supersede Plaintiff's advertisements, exploiting the unique "call" code

identification to knowingly and intentionally have certain websites "call" Defendant's advertisements in lieu of Plaintiff's advertisements.

26.   Upon this discovery, Plaintiff AdSupply immediately contacted Defendant and the third-party website publisher to inform them of this willful and unauthorized infringement.

27.   The third-party website publisher, after confirming the fraudulent and infringing nature of Defendant's conduct, expressly requested that Defendant discontinue its infringing and fraudulent conduct.

28.   Defendant agreed and modified its code to discontinue the replacement of AdSupply's advertising.

29.   As a result of Defendant's conduct, the third-party website publisher terminated its agreement with Defendant and removed Defendant's infringing software code from its websites.

30.   Despite this prompt action on behalf of the third-party website publisher, Defendant continues to exploit Plaintiff's Proprietary Code on various other websites, taking advantage of Plaintiff's independently developed Proprietary Code without authorization or permission.

31.   All conditions precedent to the bringing of this action have occurred, been waived or performed.

## COUNT I
## COPYRIGHT INFRINGEMENT (17 U.S.C §§ 501, et seq.)

32.   Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 31 as if fully set forth herein.

33.   Plaintiff has satisfied the federal statutory requirements to maintain suit for copyright infringement under 17 U.S.C. § 411(a), and while Plaintiff's applications for copyright registration is pending, Plaintiff has paid the requisite fees and deposited a copy of the source code to the Copyright Office in proper form. (U.S. Reg. Case 1-3427302241).

Singh,
Singh &
Trauben,
LLP

COMPLAINT

34.   Plaintiff independently authored the Proprietary Code and is today and has always been the sole owner of the Proprietary Code and the corresponding pending copyright registration.

35.   Defendant has infringed the copyrights in Plaintiff's Proprietary Code by copying, publishing, modifying and distributing infringing materials in the United States of America, including Defendant's copied and identical version of Plaintiff's Proprietary Code (the "Infringing Work") and all corresponding derivative works, without approval or authorization from Plaintiff.

36.   Plaintiff never granted Defendant a license to reproduce, distribute, or in any way use, alter, or commercially exploit its Proprietary Code.

37.   Plaintiff never authorized the subsequent use nor the appropriation and conversion of the Proprietary Code to another program platform.

38.   Defendant acted with reckless disregard of Plaintiff's ownership rights.

39.   Defendant reproduced, distributed, altered and commercially exploited for significant gain Plaintiff's Proprietary Code and continue to date to engage in such infringing conduct without authorization or consent.

40.   Upon information and belief, Defendant gained access to Plaintiff's Proprietary Code, its original embodiment and source code, through the use of Chrome's developer tool commonly known as "view source".

41.   Despite Defendant having willfully and knowingly commandeered Plaintiff's Proprietary Code for its own use and Defendant continuing to reproduce, distribute, and otherwise commercially exploit the Infringing Work and software containing the source code from Plaintiff's Proprietary Code, Plaintiff has received no compensation in the form of royalties and/or copyright ownership interests in and for the exploitation of the Proprietary Code.

42.   Upon information and belief, Defendant has collected fees and royalties from the sale or any other commercial and financially beneficial use of

Singh,
Singh &
Trauben,
LLP

COMPLAINT

the Proprietary Code, including the Infringing Work and all corresponding derivative works.

43.    In addition, Defendant has retained a portion of those fees and royalties without submitting any amount to Plaintiff.

44.    As a result of its infringing conduct, Defendant is liable to Plaintiff for copyright infringement and Plaintiff is entitled to recover damages, which include any and all profits Defendant has garnered as a result of its wrongful conduct. 17 U.S.C. § 504.

45.    The said wrongful acts of Defendant have caused, and are causing, great injury to Plaintiff, the damage of which cannot be accurately computed, and unless this Court restrains Defendant from further commission of said acts, Plaintiff will suffer irreparable injury, for all of which it is without an adequate remedy at law. Plaintiff seeks a declaration that Defendant is infringing Plaintiff's copyrights and an order under 17 U.S.C. § 502 enjoining Defendant from any further infringement of Plaintiff's copyrights.

46.    Plaintiff is entitled to injunctive relief and to an order impounding any and all of Defendant's infringing materials as Defendant's wrongful conduct is continuing in nature and Defendant's acts have caused and will cause substantial and irreparable injury to Plaintiff unless such acts are restrained by this Court.

47.    Defendant's infringing conduct has been, and continues to be, deliberate, willful and intentional violations of Plaintiff's rights for the purpose of commercial gain, and was done so knowingly and with utter and reckless disregard for Plaintiff's rights. Indeed, notwithstanding being put on notice of Plaintiff's claims, Defendant has failed and/or refused to act to remedy the infringement, and the Infringing Work and all derivatives thereof continue to be commercially licensed by Defendant for significant gain and profit.

48.    As a result of the acts of Defendant alleged herein, Plaintiff has suffered and is suffering substantial damage to its business in the form of diversion

of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

49.     Accordingly, Plaintiff is entitled to compensatory and actual damages in an amount to be determined at trial.

## COUNT II
## CANADIAN COPYRIGHT INFRINGEMENT, COPYRIGHT ACT, § 34

50.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 49 as if fully set forth herein.

51.     Plaintiff realleges that it is the owner of all rights, title and interest in the copyrights to the Proprietary Code identified *supra*.

52.     The Proprietary Code substantially consists of material wholly original with Plaintiff and is copyright subject matter protected under the laws of the Canada and its Copyright Act § 34 *et seq.*

53.     Pursuant to the Berne Convention for the Protection of Literary and Artistic Works, to which Canada is a signatory and member, Canadian law and its Copyright Act establish that all the dispositions of the law are equally applicable to creative works published in foreign countries, regardless of the author's nationality, so long as the author's nation of origin is a signatory to the Berne Convention.

54.     Plaintiff AdSupply is a corporation incorporated in the state of California of the United States, and the United States is a signatory to the Berne Convention.

55.     Under the principle of national treatment, therefore, the copyright protection granted to the creative works of Plaintiff is the same as that which Canadian law would grant to the creative works of a Canadian author.

56.     Pursuant to the Berne Convention, national treatment for foreign works is given without any formality. Article 5 paragraph 2 of the Convention provides that the enjoyment and the exercise of these rights will not be

Singh,
Singh &
Trauben,
LLP

subordinated to any formality and both are independent of the existence of protection in the country of origin of the work. As a consequence, the Proprietary Code obtains national treatment without any formality.

57. Defendant has directly, vicariously and/or contributorily infringed, and unless enjoined, will continue to infringe Plaintiff's Canadian copyrights in violation of the Copyright Act, § 34 *et seq*., by reproducing, displaying, distributing and utilizing for purposes of trade unauthorized derivative versions of the Proprietary Code and the copyrighted elements therein, in Canada, where Defendant operates a percentage of its business and publishes the Infringing Work.

58. Defendant has willfully infringed, and unless enjoined, will continue to infringe Plaintiff's Canadian copyrights in violation of the Copyright Act, § 34 *et seq*., by knowingly reproducing, displaying, distributing and utilizing for purposes of trade and promotion unauthorized derivative versions of the Proprietary Code and the copyrighted elements therein.

59. Defendant has received substantial benefits in connection with the unauthorized reproduction, display, distribution and utilization for the purposes of trade and promotion of derivative versions of the Proprietary Code and the copyrighted elements therein.

60. All of Defendant's acts are and were performed without the permission, license, or consent of Plaintiff AdSupply.

61. The said wrongful acts of Defendant has caused, and continue to cause, great injury to Plaintiff, which damage cannot be accurately computed, and unless this Court restrains Defendant from further commission of said acts, Plaintiff will suffer irreparable injury, for which it is without an adequate remedy at law. Accordingly, Plaintiff seeks a declaration that Defendant is infringing Plaintiff's copyrights and an order under the Copyright Act, § 34 *et seq*., enjoining Defendant from any further infringement of Plaintiff's copyrights.

62. As a result of the acts of Defendant alleged herein, Plaintiff has

Singh,
Singh &
Trauben,
LLP

suffered and is suffering substantial damage in the form of loss of profits, injury to goodwill and reputation, and the dilution of the value of his rights, all of which are not yet fully ascertainable.

## COUNT III
## UNFAIR BUSINESS PRACTICES (BUS & PROF. CODE § 17200)
### (As Against All Defendant)

63.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 62 as if fully set forth herein.

64.     Defendant's methods of both exploiting Plaintiff's Proprietary Code in addition to Defendant's manner and method of intercepting the unique "call" code identification within Plaintiff's Proprietary Code to trick certain websites to "call", and thus display, Defendant's advertisements instead of Plaintiff's advertisements, constitute fraudulent, unlawful and/or unfair business acts or practices within the meaning of California Business & Professions Code § 17200 and related provisions.

65.     As alleged above, Defendant has engaged in unfair, unlawful, and fraudulent business practices in violation of California Business & Professions Code § 17200 and related provisions.

66.     Defendant's conduct constituting unfair, unlawful and fraudulent business practices was a substantial factor in causing Plaintiff's significant financial injury and harm, including irreparable injury.

67.     The harm to Plaintiff and to members of the general public outweighs the utility of Defendant's business practices.

68.     The fraudulent, unlawful and/or unfair business practices and false and misleading practices of Defendant, as described in this Complaint, present a threat to members of the public.

69.     As a direct and proximate result of Defendant's wrongful acts as alleged in this Complaint, Defendant has obtained unlawful profits for itself and/or

Singh, Singh & Trauben, LLP

COMPLAINT

others to the detriment of Plaintiff.

70.   Defendant committed its acts of misappropriation of Plaintiff's Proprietary Code and diversion of Plaintiff's advertising business willfully and maliciously in that Defendant intended by its conduct to gain business and display its client's advertisements at the expense of Plaintiff's profits and market share; and to surreptitiously misappropriate Plaintiff's Proprietary Code to its competitive advantage and without Plaintiff's knowledge. The conduct of Defendant justifies an award of exemplary damages against Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff AdSupply, Inc. respectfully request that this Court enter judgment in its favor and as against Defendant Gunggo Co. Ltd. as follows:

i.   For an order permanently enjoining Defendant, its officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with them, from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or engaging in any other form of dealing or transaction in, any and all products and services (including advertising and promotional materials, print media, signs, internet web sites, or any other media related thereto), either now known or hereafter devised, that infringe, contributorily infringe, vicariously infringe, or induce infringement of Plaintiff's copyrights;

ii.   For the entry of a seizure order directing the seizure and impounding of all items possessed, owned or under the control of Defendant, its officers, agents, servants, employees, representatives and attorneys, and all persons in active concert or participation with them, which infringe upon Plaintiff's copyrights, including, but not limited to, any and all broadcasting materials, advertising materials, print media, signs, Internet web sites, domain names, computer hard drives, servers or any other media, either now known or hereafter devised, bearing any design or mark which infringe, contributorily infringe, or vicariously infringe upon Plaintiff's copyrights in the Proprietary Code as well as all business records related thereto, including, but not limited to, lists of advertisers, clients, customers, viewers, distributors, invoices, catalogs, and the like;

iii.   For   actual   damages   and   disgorgement   of   all   profits   derived   by

Singh,
Singh &
Trauben,
LLP

Defendant from its acts of copyright infringement and to reimburse Plaintiff for all damages suffered by Plaintiff by reasons of Defendant's acts, pursuant to 17 U.S.C. §§ 504 (a)(1) & (b), 17 U.S.C. § 1203(c)(2), and Canadian Copyright Act, §§ 34 and 35;

iv. For costs and interest pursuant to 17 U.S.C. §§ 504 (a)(1) & (b), 17 U.S.C. § 505, 17 U.S.C. § 1203(b)(4), and 103, and Canadian Copyright Act, §§ 34 and 35;

v. For reasonable attorneys' fees incurred herein under 103 and the Canadian Copyright Act;

vi. For all costs of suit incurred herein; *and*

vii. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: July 27, 2016    Respectfully submitted,

SINGH, SINGH & TRAUBEN, LLP
MICHAEL A. TRAUBEN
JUSTIN R. TRAUBEN

By: _____
   Michael A. Trauben

*Attorneys for Plaintiff*
ADSUPPLY, INC.

Singh,
Singh &
Trauben,
LLP